

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-13-00418-CV

Javier **MORA**,
Appellant

v.

Anna G. **MORA**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2001-CI-00776
Honorable John D. Gabriel, Jr., Judge Presiding

PER CURIAM

Sitting:    Marialyn Barnard, Justice
           Rebeca C. Martinez, Justice
           Patricia O. Alvarez, Justice

Delivered and Filed:  October 16, 2013

DISMISSED AS MOOT

On May 31, 2013, the trial court granted a motion for judgment nunc pro tunc, ostensibly correcting a final decree of divorce signed August 17, 2010.  Thereafter, on June 28, 2013, appellant Javier Mora filed a "Motion to Vacate, Set Aside, Correct, Reform, or 'Modify' Order on Motion for Judgment Nunc Pro Tunc."  On that same day, appellant filed a notice of appeal, stating he desired to appeal from the May 31, 2013 order granting the motion for judgment nunc pro tunc.

Pursuant to Rule 329b of the Texas Rules of Civil Procedure, the trial court had plenary power to grant appellant's motion until thirty days after the motion was overruled by written and signed order or by operation of law. *See* TEX. R. CIV. P. 329b(e). A motion such as that filed by appellant is overruled by operation of law seventy-five days after the judgment is signed if no written order on the motion is signed within that time period. *Id.* R. 329b(c). There was no ruling on the motion by August 14, 2013, seventy-five days after the judgment was signed. Accordingly, the trial court had plenary power to grant the motion until September 13, 2013, thirty days after the date the motion was overruled by operation of law. On September 12, 2013, the trial court signed an order granting appellant's "Motion to Vacate, Set Aside, Correct, Reform, or "Modify" Order on Motion for Judgment Nunc Pro Tunc," declaring the order of May 31, 2013 "void and of no effect." In other words, the September 12, 2013 order set aside the May 31, 2013 order from which appellant seeks to appeal.

Based on the foregoing, it appeared to this court that appellant had obtained the relief he sought in the trial court, and the order upon which the notice of appeal is based has been set aside. We therefore ordered appellant to show cause in writing why this court should not dismiss the appeal as moot.

In response to our order, appellant filed an unopposed motion to dismiss the appeal as moot. A matter is moot if at any stage of the proceeding there ceases to be an actual controversy between the parties. *Trulock v. City of Duncanville*, 277 S.W.3d 920, 923 (Tex. App.—Dallas 2009, no pet.). With regard to appeals, an appeal is moot if there are no live controversies between the parties and any decision would be rendered advisory. *Id.* at 924. As this court is prohibited from deciding moot controversies, we grant appellant's motion and dismiss the appeal as moot.

*See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999); *cf.* TEX CONST. art. II, § 1 (courts have no jurisdiction to render advisory opinions).

PER CURIAM